IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

MARTHA BLENKO, and
LAURA MULLARKY, individually
and on behalf of all others similarly situated,

       Plaintiffs,

v.

                                               CIVIL ACTION NO. 3:21-cv-00315
                                               (Honorable Robert C. Chambers)

CABELL HUNTINGTON HOSPITAL, INC.,

       Defendant.

## MOTION TO AMEND COMPLAINT

NOW COME Plaintiffs and MOVE this Honorable Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to permit the amendment of the complaint for the limited purpose of adding one additional plaintiff, Jane Doe, who holds a claim for a limited category of vested benefits not held by the other Plaintiffs. The Proposed Amended Complaint is Attached to this Motion as Exhibit 1.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fourth Circuit has held *en banc* "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal

1

quotation marks omitted); *cf. Talley v. Ocwen Loan Servicing, LLC*, 673 F. App'x 329, 330 (4th Cir. 2017).

## PROCEDURAL HISTORY

The Complaint in this Matter was filed on May 25, 2021. The Parties have engaged in both formal and informal discovery. On September 23, 2021, this Court held a hearing on Plaintiffs' Motion for a Preliminary Injunction. The Parties briefed additional issues pertinent to the Motion for Preliminary Injunction on September 29, 2021 (Plaintiffs' Brief) and October 4, 2021 (Defendant's Brief). On October 8, 2021, this Court issued an order denying the Motion for a Preliminary Injunction.

Discovery is still ongoing. The issues of class certification have yet to be adjudicated. The case remains in a relatively early posture of litigation. The Plaintiffs will ascertain the Defendant's position on the Motion to Amend the Complaint and will inform the Court if it uncontested.

## ARGUMENT

The Plaintiffs seek leave to amend the complaint for the sole purpose of adding a Plaintiff, Jane Doe. Ms. Doe is a cancer patient who was diagnosed and began treatment for cancer recently, while she was covered by Defendant's Medicare supplement and pharmaceutical plans. Ms. Doe began undertaking this multi-stage course of treatment while she had the benefit of her current medical coverage, triggering the vesting of that coverage under ERISA as to the entire court of the multi-stage treatment, including any portions of the treatment that are required to be completed following the date on which her current coverage would otherwise terminate.

While welfare benefit plans do not automatically vest under ERISA (*see Gable v. Sweetheart Cup Co.*, 35 F.3d 851, 855 (4th Cir. 1994)), the Fourth Circuit has subsequently held

that when an insurance policy terminates after a beneficiary has begun a multi-stage course of medical treatment under the terminated policy, coverage for the entire treatment vests when the treatment begins, and the employer cannot thereafter deny coverage for the entire treatment. *See Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 639-640 (4th Cir. 1995); *Blackshear v. Reliance Std. Life Ins. Co.*, 509 F.3d 634, 639, 642 (4th Cir. 2007) (holding "that the beneficiary's rights under a welfare benefit plan providing medical insurance vested at the moment the triggering event under the policy occurred and that the plan could not be amended to deny coverage after that point.") (overruled on other grounds by *Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010)).

Ms. Doe represents a very limited and discrete subgroup of the putative class that faces an imminent medical need for medical coverage for multi-stage medical treatment that was commenced while the current coverage was in place, but which will require a brief period of ongoing coverage following the proposed date by which the current coverage will terminate. Since the denial on the preliminary injunction, Ms. Doe has secured a new Medicare supplement and pharmaceutical plan, anticipating that her current coverage will terminate. However, not all costs of her ongoing treatment are covered by these plans. She expects to face substantial costs related to the cancer treatment that fall within the Medicare "donut hole" and for certain designer drugs that are not covered under her new plans.

The Amended Complaint adds Ms. Doe as a plaintiff so that her limited claim for preliminary injunctive relief may be considered by the Court, and so that the interests of individuals with acute medical needs who hold vested benefits for their present course of treatment may be adequately represented and adjudicated in this Matter.  An Amended Motion for Preliminary Injunction is filed contemporaneously with this Motion to Amend Complaint.

A paramount consideration in reviewing a motion to amend is whether the parties had notice of the events giving rise to the amendment. *See generally* Fed. R. Civ. P. 15(c) Advisory Committee's Note on the 1966 Amendments at 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed.2009)).  Here, the Defendant has been aware of the ongoing, multi-stage treatment needs of the Plaintiff Jane Doe and all similarly-situated retirees because, as the self-insured insurance carrier for the relevant healthcare coverage, the Defendant has received and processed claims for the initial stages of Ms. Doe's ongoing cancer treatment.  Accordingly, the Defendant had ample notice of the multi-stage treatment giving rise to Ms. Doe's claim for vested benefits.

## CONCLUSION

For these reasons, the Plaintiffs urge that the Court allow the proposed amendment of the Complaint.

> **Respectfully Submitted,**
> **MARTHA BLENKO and**
> **LAURA MULLARKY, individually**
> **and on behalf of all others similarly**
> **situated,**
> **By counsel:**

*/s/ Samuel B. Petsonk*
Samuel B. Petsonk (State Bar ID No. 12418)
Petsonk PLLC
PO Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio (WVSB # 7774)
Laura Davidson (WVSB # 13832)
Mountain State Justice, Inc.

1217 Quarrier Street, Suite
Charleston, West Virginia 25301
(304) 344-3144
(304) 344-3145 (fax)
bren@msjlaw.org
laura@msjla.org