IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

MARTHA BLENKO,
LAURA MULLARKY, and
JANE DOE, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.                              CIVIL ACTION NO. 3:21-cv-00315
                                Honorable Judge Robert C. Chambers

CABELL HUNTINGTON HOSPITAL, INC.,

    Defendant.

## ORDER ESTABLISHING SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR AND TRUSTEE

Upon Motion of Plaintiffs' counsel and for good cause shown, the Court hereby Orders as follows:

1. In order to assist in the administration of the settlement of claims brought by the clients of Petsonk PLLC and Mountain State Justice, Inc. in this Matter (which shall include all plaintiffs represented by Plaintiffs' counsel in the Mediation Agreement and all class members covered by the class action settlement, as set forth by order of this Court), the Qualified Settlement Fund for CHH Non-Bargaining Unit Retirees shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). The settlement funds, including the Health Reimbursement Arrangement and its High-Risk Fund as set forth in the Mediation Agreement and the Final Order Approving Settlement, as reached by and between Plaintiffs and the class in this federal litigation who are represented by

Plaintiffs' counsel and Defendants, shall be paid into the Cabell Huntington Hospital Non-Union Retirees Qualified Settlement Fund (the "Fund"). The Defendants shall have no liability with regard to the conduct of the Fund Administrator or to the Cabell Huntington Hospital Non-Union Retirees Qualified Settlement Fund itself. The Defendant's liability to the Claimants and Plaintiffs shall terminate with payments into the Qualified Settlement Fund for CHH Non-Bargaining Unit Retirees, in accordance with the Mediation Agreement and the Order Approving Settlement.

2. Walters Administration, LLC is appointed as Fund Administrator and Trustee of the Cabell Huntington Hospital Non-Union Retirees Qualified Settlement Fund, shall serve without bond, and shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Settlement Fund and Appoint Fund Administrator and Trustee, and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

3. No bond is required, provided that all monies received by the Qualified Settlement Fund for CHH Non-Bargaining Unit Retirees, which includes all principal and interest earned thereon, shall be deposited in an account at Wesbanco Bank, a national banking association doing business in Charleston, WV ("The Bank"), in the name of the Fund Administrator, as trustee of the fund and invested by the Fund in instruments/securities comprised of (i) United States Agency or Treasury issued securities or obligations (or a mutual fund invested solely in such instruments); (ii) cash equivalent securities including commercial paper or short term notes with a minimum rating of A-1/P-1/AA, SEC registered money market funds and collateralized money market accounts; (iii) interest bearing and non-interest bearing corporate accounts with domestic banks, subject to

maximum Federal Depository Insurance Corporation guarantees; and/or (iv) certificates of deposit subject to maximum Federal Depository Insurance Corporation guarantees, either individually or through use of the Certificate of Deposit Account Registry Service ("CDAR") pursuant to a CDARS Deposit Placement Agreement or the Insured Cash Sweep (ICS) pursuant to the Deposit Placement Agreement with the bank. The Fund Administrator shall be responsible for any and all investment related decisions pursuant to these terms and conditions, such that the following investment policy is implemented: (i) safety of principal; and (ii) zero bank balance sheet exposure. Any investment losses realized by investment of settlement funds or any portion thereof shall be charged to the Fund. To the extent the funds are invested in the manner provided for in this Order, the Fund Administrator shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment). The Fund Administrator retains the right to remove Wesbanco Bank, with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of Claimants' Counsel. In the event of such replacement, the terms and conditions of this paragraph, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

4. The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

5. The Fund Administrator shall be authorized to distribute all attorneys' fees and litigation expense to counsel for Plaintiffs, consistent with existing contingency fee contracts.

6. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

IT IS SO ORDERED.

ENTERED:

10/31/22

Judge, United States District Court